IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| **PAUL M. HOOD,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | CASE NO. 3:21-cv-00127-CAR-CHW |
| VS. | : | |
| | : | |
| **WALTON COUNTY DETENTION CENTER,** | : | |
| | : | |
| | : | **PROCEEDINGS UNDER 42 U.S.C. §1983** |
| **Defendant** | : | **BEFORE THE U. S. MAGISTRATE JUDGE** |

## ORDER

*Pro se* Plaintiff Paul M. Hood, an inmate at the Walton County Detention Center in Monroe, Georgia, filed a handwritten document in the United States District Court for the Northern District of Georgia. ECF No. 1. That pleading has been transferred to this Court. *See* ECF Nos. 2 and 3. Because the Plaintiff complains about the conditions of his confinement, this action has been docketed as a 42 U.S.C. § 1983 complaint. *See* ECF No. 1. However, the Plaintiff has not filed his claims on the required civil rights complaint form. Thus, if Plaintiff wishes to proceed with this case, he must recast his complaint on the Court's required 42 U.S.C. § 1983 complaint form.

The recast complaint must contain a caption that clearly names and identifies each individual that Plaintiff has a claim against and wishes to include as a defendant in the present lawsuit. Presently, it is unclear who the Plaintiff is truly intending to file a claim against and what those claims may be, but Plaintiff is hereby advised that the Walton

County Detention Center is not a legal entity subject to suit or liability in Georgia under 42 U.S.C. § 1983.[1]  *See Id.*  Plaintiff is also advised that he may not join unrelated claims and defendants in a single action.[2]  *See generally* Fed. R. Civ. P. 20.

In his recast complaint, Plaintiff must also name each defendant he wishes to sue as directed by the Court's standard § 1983 complaint form.  Plaintiff is to name only the individuals associated with the claim or properly related claims that he is pursuing in this action.  Plaintiff must then tell the Court exactly how that individual violated his constitutional rights, including (1) what each defendant did (or did not do) to violate his rights; (2) when and where each action occurred; and (3) how Plaintiff was injured as a result of each defendant's actions.  If Plaintiff fails to link a named defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of his complaint

---

[1] *See Bunyon v. Burke County*, 285 F. Supp.2d 1310, 1328 (S. D. Ga. 2003*)* (dismissing claim against police department, reasoning that it was not a legal entity subject to suit); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (advising that "sheriff's departments and police departments are not usually considered legal entities subject to suit ..."). Moreover, to the extent Plaintiff's claims against the jail could be broadly construed as claims against Walton County, a local government may only be sued for constitutional violations caused by "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).

[2] A plaintiff may not join Defendants in one action unless he acceptably asserts "any right to relief . . . against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(1)(A)-(B). "Whether multiple claims arise from the same transaction, occurrence, or series of transactions or occurrences depends on whether a 'logical relationship' exists between the claims. *Rhodes v. Target Corp.*, 313 F.R.D. 656, 659 (M.D. Fla. 2016) (quoting *Alexander v. Fulton Cty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)).

against a named defendant, that defendant will be dismissed.

Plaintiff's recast complaint shall take the place of and supersede all allegations made in the original complaint. Meaning, the Court will only consider the factual allegations and claims contained in Plaintiff's recast complaint. The Court will not consider those facts contained in Plaintiff's original complaint. Accordingly, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing.

Plaintiff must complete the entire complaint form. He may not leave any portion or paragraph without a response. He is to state his claims as simply as possible and need not attempt to use formal language or legal terminology. Plaintiff's recast complaint is not to exceed <u>ten</u> (10) pages.

Additionally, Plaintiff has not either paid the Court's $402.00 filing fee or moved to proceed in this action *in forma pauperis* ("IFP"). A prisoner seeking to proceed IFP must submit (1) an affidavit in support of his claim of indigence, and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). Thus, in order to proceed, Plaintiff must either pay the $402.00 filing fee or file a motion to proceed IFP with the required supporting documentation.

Therefore, Plaintiff is **ORDERED** to complete and return a 42 U.S.C. § 1983 complaint form and either pay the filing fee or seek leave to proceed *in forma pauperis* within **FOURTEEN (14) DAYS** of the date of this Order if he wishes to pursue a claim. Plaintiff's failure to fully and timely comply with this order may result in the dismissal of

this action.

The Clerk of Court is **DIRECTED** to forward a copy of this order, a 42 U.S.C. § 1983 complaint form, and an application to proceed without prepayment of the filing fee, along with the appropriate certification form (with the civil action number shown on all) to Plaintiff.

There shall be NO SERVICE on any Defendant in this case pending further order of the Court.

**SO ORDERED and DIRECTED**, this 23rd day of November, 2021.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge